UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                             NO. 19-CR-20726

     vs.

                                             HON. PAUL D. BORMAN

D-1   EDWARD ROBINSON,

     Defendant.

_____/

**GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE
PURSUANT TO SECTION 5K1.1 OF THE SENTENCING GUIDELINES**

The United States respectfully moves pursuant to Section 5K1.1 of the Sentencing Guidelines to sentence the defendant, Edward Robinson, below the guideline range due to his substantial assistance. In support of this motion, the government states as follows:

**I.    Background of Robinson's Cooperation**

Back in March 2019, attorneys for Robinson reached out and contacted the prosecution team. They offered to have Robinson provide information and cooperate with the ongoing investigation of corruption within the highest ranks of the UAW. Before Robinson's attorneys reached out, federal agents had not approached or contacted Robinson. Grand jury subpoenas had been issued to the UAW seeking documents relating to UAW conferences, including regarding some

UAW Region 5 conferences.   Some of these conferences had been organized by Robinson in his capacity as a UAW official in Region 5 in St. Louis, Missouri, and Robinson had become aware of the existence and nature of the government's investigation.

Beginning in March 2019, Robinson met secretly with prosecutors and federal agents for a series of debriefings.   During these meetings, Robinson was open, truthful, and candid about his own criminal activity and the criminal activity of UAW officials, including some of Robinson's close friends.   Based on additional information learned during the investigation over the past two years, the government believes that Robinson has been truthful and complete in the information he has provided.

In addition to providing historical information about criminal activity, Robinson agreed to cooperate in a proactive manner by recording meetings and telephone calls with criminal associates.   Between March 2019 and August 2019, on at least ten different days, Robinson wore recording devices while he met in person with officials within the UAW.   In some cases, Robinson wore the recording devices for most of entire days during UAW conferences, including during rounds of golf.   Robinson also recorded UAW officials in Missouri after federal law enforcement agents served grand jury subpoenas on the UAW Region 5

2

headquarters.   This was done so that agents could secure the immediate reactions of UAW officials to steps taken in the investigation.   Robinson also recorded numerous telephone calls that he had with UAW officers.

## II.   Results of Robinson's Cooperation

Information supplied and gathered by Robinson during his cooperation was used to assist in securing six search warrants in August 2019.   These warrants targeted the personal residences of former UAW Presidents Dennis Williams and Gary Jones and UAW Board member and Regional Director Vance Pearson in California, Missouri, and Michigan, as well as the cottage built for and used by Williams at the UAW's conference center at Black Lake in northern Michigan. The locations searched also included the UAW Region 5 headquarters in St. Louis, Missouri, as well as the personal residence of a retired UAW official in Wisconsin.

During the searches executed in August 2019, federal agents seized tens of thousands of dollars in cash, liquor, cigars, humidors, three sets of custom-made golf clubs, golf clothing, and numerous other items supporting the existence of the embezzlement scheme.

Information supplied by Robinson also led the prosecution team to a number of witnesses who were called before the grand jury.   Some of these individuals included hotel employees who had worked closely with Robinson over the course of

the embezzlement conspiracy.   Robinson's cooperation assisted prosecutors in targeting and questioning these witnesses, which led directly to important incriminating testimony.

Back in January 2019, before Robinson began cooperating, former UAW President and co-defendant Gary Jones approached Robinson and asked Robinson to obstruct justice.   Jones asked Robinson to take the fall for the embezzlement conspiracy in order to protect Jones, other UAW officials, and the UAW itself.   In exchange, Jones offered to give Robinson's relative a job and pay that relative if Robinson had to go to prison for taking responsibility for the embezzlement.   At the time of the meeting, Robinson agreed to Jones' request.   Later, during his cooperation, Robinson was able to confirm Jones' offer to obstruct justice when Jones discussed his prior offer during a recorded conversation.

Robinson's cooperation and the nature of the recorded meetings were subsequently made known to other targets of the investigation.   The government believes that Robinson's cooperation contributed to the decisions by former UAW Presidents Jones and Williams and former UAW Regional Director Pearson to plead guilty to their involvement in the conspiracy to embezzle union funds.   Thus, Robinson's cooperation contributed to the criminal convictions of two former UAW Presidents and another member of the UAW's International Executive Board.

4

Robinson's cooperation also aided the government in its effort to secure federal oversight of the UAW.   In December 2020, the United States filed a civil lawsuit against the UAW pursuant to the Anti-Fraud Injunction Act, 18 U.S.C § 1345.   As part of the lawsuit, the parties have filed a proposed Consent Order with the Court seeking the appointment of an Independent Monitor, a referendum of UAW members as to whether to change the union's election system, and a payment of $1.5 million to resolve tax issues with the IRS and the payment of millions of dollars to the Ford and FCA US training centers based on improper chargebacks of UAW salaries.   Robinson's cooperation in revealing the existence of a multi-dimensional embezzlement conspiracy and obstruction of justice within the UAW contributed to the government's ability to secure this settlement.

In evaluating Robinson's cooperation under Section 5K1.1, it should be noted that Robinson took risks in cooperating against close associates who held significant positions of power in one of the most important labor unions in the country.

## III.   <u>Sentencing Recommendation Based on Cooperation</u>

As set forth above, Robinson's cooperation was early, truthful, self-motivated, proactive, and highly significant to the government's investigation.   Pursuant to the Cooperation Agreement, the Rule 11 Agreement, and Section 5K1.1, the government requests a sentence of probation based on Robinson's substantial

assistance in the investigation and prosecution of other individuals, as well as based

on the combination of his age and serious medical conditions.

MATTHEW SCHNEIDER
United States Attorney

*s/David A. Gardey*
DAVID A. GARDEY
STEVEN P. CARES
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone:   (313) 226-9100
David.Gardey@usdoj.gov
Steven.Cares@usdoj.gov

Dated: January 20, 2021

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Counsel of Record for Edward N. Robinson

*s/David A. Gardey*
DAVID A. GARDEY
Assistant United States Attorney

Dated:   January 20, 2021

7