United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,                Case No. 19-cr-20726

vs.                                    Hon. Paul D. Borman

D-1   Edward N. Robinson,

        Defendant.
_____/

## **Stipulated Preliminary Order of Forfeiture**

The United States of America, by and through its attorney, Adriana Dydell, Assistant United States Attorney, and Defendant Edward N. Robinson ("Defendant"), by and through his attorney, James Martin, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.      On October 31, 2019, the United States filed an Information, which charges Defendant with one count of Conspiracy to Embezzle Union Funds, in violation of 18 U.S.C. § 371 and 29 U.S.C. § 501(c) and one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371.

2.      The Information contains a Forfeiture Allegation which provides notice that the United States intends to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the charged violations.

1

3. On or about March 2, 2020, Defendant pleaded guilty to Counts One and Two of the Information.

4. In the factual basis for the Rule 11 Plea Agreement ("Rule 11"), Defendant agreed that he and others embezzled, stole, and unlawfully and willfully abstracted and converted assets of the United Auto Workers, for their own use (ECF No. 29, PageID 202). As part of the scheme, Defendant agreed that he and others obtained funds from the UAW through the submission of vouchers that claimed the payments were for legitimate UAW expenses, but instead were used for the personal benefit of senior UAW officials (ECF No. 29, PageID 202-03). Defendant agreed that although the vouchers represented that the payments were for legitimate expenses, significant portions of the funds were forwarded to outside vendors for personal expenses including cigars, private villas, high-end liquor and meal expenses, golfing apparel, golf clubs, and green fees (ECF No. 29, PageID 203-04).

5. As part of this Stipulation, Defendant agrees that he obtained the following property as part of his participation in the described embezzlement scheme: Titleist golf bag containing 12 golf clubs, including Titleist Driver, Titleist 21 degree Wood, Titleist 25 degree Wood, Titleist 6 Iron, Titleist 7 Iron, Titleist 8 Iron, Titleist 9 Iron, Titleist Pitching Wedge, Titleist 52 Wedge, Titleist 56 Wedge,

Titleist Wedge, Scott Cameron Putter, and Footjoy golf shoes (Asset ID 20-FBI-007170) (the "Subject Property").

6. As part of this Stipulation, Defendant agrees to forfeit the Subject Property to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as property derived from proceeds traceable to his violation of 18 U.S.C. §§ 371, 501(c) as alleged in Count One of the Information.

7. In entering into this Stipulation, Defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed in this case and expressly waives his right to challenge any failure by the Court to advise him of this when his guilty plea was accepted under Federal Rule of Criminal Procedure 11(b)(1)(J). Defendant also expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment. In entering into this Stipulation, Defendant also expressly waives his right under Federal Rule of Criminal Procedure 32.2(b) to a further determination regarding the forfeitability of the Subject Property.

8. In entering into this Stipulation, Defendant knowingly, voluntarily, and intelligently waives any challenge to the described forfeiture based upon the

Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

9. Defendant agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and agrees that this Order shall become final as to Defendant at entry.

Based on the Information, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and Rule 32.2 of the Federal Rules of Criminal Procedure, the Court finds that the Subject Property has a nexus to Count One and **ORDERS FORFEITURE** of the Subject Property to the United States for disposition according to law. Any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is HEREBY AND FOREVER EXTINGUISHED.

**THIS COURT FURTHER ORDERS** that this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States shall publish notice

of this Stipulated Preliminary Order of Forfeiture on www.forfeiture.gov for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, and any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that, after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such

discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that, if no one files a timely petition for any of the Subject Property by the deadline provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2) and shall be authorized to dispose of the Subject Property as prescribed by law. If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition(s) as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

[*The remainder of this page left blank.*]

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Matthew Schneider
United States Attorney

| | |
|---|---|
| s/ ADRIANA DYDELL_____ | _____ |
| ADRIANA DYDELL | JAMES G. MARTIN |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort St., Ste. 2001 | 7733 Forsyth Boulevard, Suite 1900 |
| Detroit, MI 48226 | St. Louis, MO 63105 |
| (313) 226-9125 | (314) 889-7300 |
| adriana.dydell@usdoj.gov | jmartin@dowdbennett.com |
| [CA Bar No 239516] | |
| | Dated: January \_\_, 2021 |
| Dated: January 19, 2021 | |
| | \_(Signature page attached)_____ |
| | EDWARD N. ROBINSON |
| | Defendant |
| | |
| | Dated: January \_\_, 2021 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: January 21, 2021

s/Paul D. Borman
HON. PAUL D. BORMAN
United States District Judge

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Matthew Schneider
United States Attorney

_____
ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: January 19, 2021

_____
JAMES G. MARTIN
Attorney for Defendant
7733 Forsyth Boulevard, Suite 1900
St. Louis, MO 63105
(314) 889-7300
jmartin@dowdbennett.com

Dated: January __, 2021

_____
EDWARD N. ROBINSON
Defendant

Dated: January __, 2021

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

8